UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN BEROUTY,
    Petitioner,

v.                                                   Case No. 8:25-cv-216-KKM-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Berouty, a Florida prisoner, filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 3.) Upon consideration, the amended petition is dismissed as time-barred. Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

### I.    BACKGROUND

The Court conducted an initial review of Berouty's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that a district court must dismiss a § 2254 petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A court is obligated to screen out frivolous petitions, and "[t]he one-year limitations period found in 28 U.S.C. § 2244 is one of many procedural obstacles that could mean a petition

1

is frivolous, and it is one that the district court can raise sua sponte." *Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1211 (11th Cir. 2021).

The Court's preliminary review showed that Berouty's petition was untimely because it was filed after the expiration of the one-year limitation period established by 28 U.S.C. § 2244(d)(1)(A). (Doc. 2.) The Court calculated that Berouty had until October 25, 2024, to file his federal habeas petition. (*Id*, p. 3.) Berouty did not file his petition until January 24, 2025. The Court explained that, to proceed, Berouty had to show that the Court's calculation was wrong; he was entitled to a later start date under § 2244(d)(1); he was entitled to equitable tolling; or he was actually innocent. (*Id.*, pp. 3-4.) The Court directed Berouty to file an amended petition on the standard form and show cause why it should not be dismissed as time-barred. (*Id.*, p. 4.)

## II. ANALYSIS

In his amended petition, Berouty does not challenge the Court's timeliness calculation under § 2244(d)(1)(A). But he asserts that his amended petition[1] can be considered under the doctrine of equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights

---

[1] The Court will assume that Berouty's amended petition, filed on February 13, 2025, relates back to the January 24, 2025 filing date of the first petition. *See* Fed. R. Civ. P. 15(c)(1).

diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id.* at 1267.

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). The applicability of equitable tolling depends on a case's facts and circumstances. *See Holland*, 560 U.S. at 649-50 (stating that equitable tolling decisions are made on a case-by-case basis); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (stating that for purposes of equitable tolling, "[e]ach case turns on its own facts").

Berouty argues that he is entitled to equitable tolling because a prison law clerk misadvised him about his filing deadline. Berouty states that he "had no reason to doubt

3

[the prison law clerk] because deadlines and . . . dates are checked by Polk CI staff and confirmed." (Doc. 3, pp. 25-26.)

Berouty has not shown that equitable tolling is warranted because he has not established that an extraordinary circumstance beyond his control prevented him from timely filing his § 2254 petition. The prison law clerk was merely assisting Berouty and was not an attorney representing him. Similarly, although Berouty does not specify which prison staff allegedly "confirmed" what turned out to be an incorrect filing deadline, there is no indication that any staff acted in a capacity different than that of a prison law clerk.

Reliance on misinformation provided by non-attorneys is not a basis for equitable tolling. *See, e.g.*, *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1236 (11th Cir. 2017) (listing circumstances under which an *attorney's* acts or omissions might provide a basis for equitable tolling); *see also Mendoza v. Sec'y, Fla. Dep't of Corr.*, No. 3:13-cv-1247-J-34PDB, 2016 WL 6727749, at *4 (M.D. Fla. Nov. 15, 2016) (stating that "[i]nmate law clerks are not lawyers, and therefore any negligence on their part will not justify equitable tolling" and collecting cases); *Moore v. Crews*, No. 13-14482-Civ, 2014 WL 12651190, at *9 (S.D. Fla. Apr. 3, 2014), *report and recommendation adopted*, 2014 WL 12652325 (S.D. Fla. May 7, 2014) (rejecting a petitioner's claim of equitable tolling based on the petitioner's reliance on the misadvice of a "jailhouse lawyer").

As Berouty has not shown that equitable tolling applies to his case, his amended petition is dismissed as time-barred.

### III. CERTIFICATE OF APPEALABILITY

Berouty is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Berouty must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Berouty cannot satisfy the second prong of the *Slack* test. As Berouty is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Berouty's Amended Petition for Writ of Habeas Corpus, (Doc. 3), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Berouty and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 13, 2025.

Kathryn Kimball Mizelle
United States District Judge